#### IN THE UNITED STATES BANKRUPTCY COURT
#### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: ) | Bankruptcy No. **21-20587-CMB** |
| **GEORGE S. WRAY** ) | Chapter 13 |
|    **Debtor** ) | Doc No. |
| **Deutsche Bank National Trust Company,** ) | |
| **Trustee for the Registered Holders of** ) | |
| **Commercial Assets, Small Balance** ) | |
| **Commercial Mortgage Pass-Through** ) | Hearing 10/13/2021 at 1:30 p.m. |
| **Certificates, Series 2006-2** ) | |
|    **Movant** ) | |
| vs ) | |
| **GEORGE S. WRAY** ) | |
|    **Respondent** ) | |

#### DEBTOR'S AMENDED RESPONSE TO MOTION FOR
#### RELIEF FROM AUTOMATIC STAY

GEORGE S. WRAY, the Debtor/Respondents in the above captioned case, by his counsels, Bryan P. Keenan & Associates, P.C. and Bryan P. Keenan Esq., and files the within Response to the Motion from the Automatic Stay.

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Denied. Strict proof is demanded.
9. Denied. Strict proof is demanded.
10. Admitted with new information. It is admitted that the note and mortgage contain the provisions set forth in the Movant's Motion; however, the Third Circuit has held in In Re Schaefer Salt Recovery, Inc., 542 F.3d 90 (3rd Cir., 2008) that bankruptcy is a proper defensive weapon in a mortgage foreclosure action, so that the Debtor can cure and reinstate the mortgage.

11. Admitted with new information. It is admitted that the note and mortgage contain the provisions set forth in the Movant's Motion; however, the Third Circuit has held in In Re Schaefer Salt Recovery, Inc., 542 F.3d 90 (3rd Cir., 2008) that bankruptcy is a proper defensive weapon in a mortgage foreclosure action, so that the Debtor can cure and reinstate the mortgage.

12. Denied. As of October 6, 2021 the Movant has received a total of $5,729.69 in accordance with the interim confirmation order entered. An additional payment of $3,000.00 shall be paid over to the Chapter 13 trustee on October 7, 2021. A true and correct copy of the Cashiers checks that are in Debtor's counsels possession to mail on this behalf is annexed hereto as Exhibit "A."

13. Denied. As of October 6, 2021 the Movant has received a total of $5,729.69 in accordance with the interim confirmation order entered.

14. According to Movant's BPO the Movant is adequately protected by virtue of the equity in the subject property.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted with new information. An additional payment of $3,000.00 shall be paid over to the Chapter 13 trustee on October 7, 2021, which shall reduce the arrears for the payments due through September 2021 to $2,850.00.

19. Denied. The Movant is adequately protected by virtue of the equity in the subject property.

20. Denied. The Movant is adequately protected by virtue of the equity in the subject property.

21. Denied. The Debtor is making payments and has remitted a total of $14,400.00 once the additional payment of $3,000.00 that shall be mailed by Counsel posts to the Trustees website; Additionally, the Movant is adequately protected by virtue of the equity in the subject property.

22. It is admitted that the non-debtor party is not an owner of the property (nor was she at the time the Mortgage was signed. It is denied that the Movant has cause to terminate the automatic stay.

**WHEREFORE**, debtor respectfully request that this Court deny the Motion for Relief from the Automatic Stay.

Date: **October 6, 2021**  /s/ Bryan P. Keenan                .
**Bryan P. Keenan, Esquire**
**Attorney for the Debtor**
**PA I.D. No. 89053**
Bryan P. Keenan & Associates, P.C.
993 Greentree Road, Suite 101
Pittsburgh, PA 15220
(412) 922-5116
keenan662@gmail.com